IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON PURNELL THURSTON, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> SANTA ROSE POLICE DEP'T, et al., ) <br> ) <br> Defendant(s). ) <br> ) | No. C 08-1115 CRB (PR) <br><br> ORDER OF DISMISSAL WITH <br> LEAVE TO AMEND |

Plaintiff, a prisoner at Pleasant Valley State Prison, has filed a pro se action under 42 U.S.C. § 1983 seeking damages for the allegedly unlawful killing of his son by four unidentified City of Santa Rosa police officers. Plaintiff also names the Santa Rosa Police Department and Chief on the ground that they released false and misleading information about his son after his death in an effort to cover-up responsibility.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

The Fourteenth Amendment protects familial relationships from unwarranted state interference. See Smith v. City of Fontana, 818 F.2d 1411, 1418 (9th Cir. 1987). Where state action resulting in the unlawful death of a family member is alleged, surviving family members may bring a claim under § 1983 for violation of their due process rights in the companionship and society of the decedent. See Moreland v. Las Vegas Metro. Police, 159 F.3d 365, 371 (9th Cir. 1998) (substantive due process claim may be asserted by both the parents and children of a person killed by law enforcement officers).[1] But allegations of any sort of post-death cover up are insufficient to state an additional claim under § 1983. See Guyton v. Phillips, 606 F.2d 248, 250-51 (9th Cir. 1979) (claim of post-death conspiracy to cover up cause of death not cognizable); Cartwright v. City of Concord, 618 F. Supp. 722, 730 (N.D. Cal. 1985) (alleged inadequacy of investigation following decedent's suicide not cognizable).

Liberally construed, plaintiff's allegations appear to state a cognizable claim under § 1983 for violation of his due process right in the companionship

---

[1] The standard of culpability applicable to substantive due process claims arising from the unintentional killing of an individual by law enforcement officers is arbitrary conduct which shocks the conscience. See County of Sacramento v. Lewis, 523 U.S. 833, 845-47 (1998).

and society of his son against the four unidentified police officers who killed plaintiff's son. But in order to proceed against them, plaintiff must identify them through discovery and amend his complaint to name them and set forth specific facts as to how each individual police officer violated his rights. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Plaintiff may also amend to allege, if possible, that the City of Santa Rosa Police Department is liable because the individual police officers' conduct conformed to unlawful official policy, conduct or practice. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002). But the department cannot be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. See Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 60 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:   July 21, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Thurston, A1.dwlta.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANDERSON P THURSTON,

        Plaintiff,

  v.

SANTA ROSA POLICE DEPT et al,

        Defendant.

Case Number: CV08-01115 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anderson P. Thurston D-00671
P.V.S.P.
A-5, 108L
P.O. Box 8501
Coalinga, CA 93210

Dated: July 21, 2008

        Richard W. Wieking, Clerk
        By: Barbara Espinoza, Deputy Clerk