IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDERSON PURNELL THURSTON, | ) | |
| Plaintiff(s), | ) | No. C 08-1115 CRB (PR) |
| v. | ) | ORDER OF SERVICE |
| SANTA ROSA POLICE DEP'T, et al., | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner currently incarcerated at Mule Creek State Prison in Ione, California, has filed a pro se First Amended Complaint (FAC) under 42 U.S.C. § 1983 seeking damages for the allegedly unlawful killing of his son by four City of Santa Rosa police officers – Sergeant Richard Celli, Sergeant Stephen Schwartz, Officer John Barr and Officer Brian Boettger.  He also names the Santa Rosa Police Department as a defendant.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

The Fourteenth Amendment protects familial relationships from unwarranted state interference.  See Smith v. City of Fontana, 818 F.2d 1411, 1418 (9th Cir. 1987).  Where state action resulting in the unlawful death of a family member is alleged, surviving family members may bring a claim under § 1983 for violation of their due process rights in the companionship and society of the decedent.  See Moreland v. Las Vegas Metro. Police, 159 F.3d 365, 371 (9th Cir. 1998)  (substantive due process claim may be asserted by both the parents and children of a person killed by law enforcement officers).[1]  But allegations of any sort of post-death cover up are insufficient to state an additional claim under § 1983.  See Guyton v. Phillips, 606 F.2d 248, 250-51 (9th Cir. 1979) (claim of post-death conspiracy to cover up cause of death not cognizable); Cartwright v. City of Concord, 618 F. Supp. 722, 730 (N.D. Cal. 1985) (alleged inadequacy of investigation following decedent's suicide not cognizable).

---

[1]The standard of culpability applicable to substantive due process claims arising from the unintentional killing of an individual by law enforcement officers is arbitrary conduct which shocks the conscience.  See County of Sacramento v. Lewis, 523 U.S. 833, 845-47 (1998).

Liberally construed, plaintiff's allegations appear to state a cognizable claim under § 1983 for violation of his due process right in the companionship and society of his son against the four police officers who killed plaintiff's son. But the Santa Rosa Police Department will be dismissed because the department cannot be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. See Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). In its prior order, the court explained that plaintiff may state a claim against the department only if he could allege that the individual police officers' conduct conformed to unlawful official policy, conduct or practice. July 21, 2008 Order at 2 (citing Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)). Plaintiff did not.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the following City of Santa Rosa police officers: Sergeant Richard Celli, Sergeant Stephen Schwartz, Officer John Barr and Officer Brian Boettger. The Santa Rosa Police Department is dismissed.

The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

1 include as exhibits all records and incident reports stemming from the events at
2 issue. If defendants are of the opinion that this case cannot be resolved by
3 summary judgment or other dispositive motion, they shall so inform the court
4 prior to the date their motion is due. All papers filed with the court shall be
5 served promptly on plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

/

1       Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

      d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

      e.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

    3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

    4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  April 10, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Thurston, A1.service.wpd     5